IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| PAUL NUSSBAUM, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PORCH.COM, INC. : <br> : <br> Defendant. : <br> _____ : | CIVIL ACTION FILE <br> NO. _____ |

**COMPLAINT FOR VIOLATIONS OF THE**
**FAIR LABOR STANDARDS ACT**

COMES NOW PLAINTIFF PAUL NUSSBAUM and files this civil action against Defendant PORCH.COM, INC. for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

**PARTIES**

3.

Plaintiff PAUL NUSSBAUM ("Mr. Nussbaum") is an individual residing in Newnan, Georgia who was formerly employed by Defendant as a non-exempt Licensed Insurance Agent. At all material times, Mr. Nussbaum was an "employee" of Defendant as that term is defined at 29 U.S.C. §203(e)(1).

4.

Defendant PORCH.COM, INC. ("PORCH") is a foreign corporation doing business in the State of Georgia with its principal place of business at 411 First Avenue South, Suite 501, Seattle, Washington and is subject to the jurisdiction of this Court. PORCH may be served with civil process upon its Registered Agent, URS Agents, LLC, 614 N. Dupont Hwy, Suite 210, Dover, Kent County, Delaware 19901.

5.

At all relevant times, PORCH was Mr. Nussbaum's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6.

At all material times during her employment, Mr. Nussbaum was engaged in commerce as PORCH's employee in that he handled information and printed materials which were used and transported in interstate commerce.

7.

At all material times during Plaintiff's employment, PORCH was an enterprise engaged in commerce or in the production of goods for commerce, having handled information and materials that were used and transported in interstate commerce.

8.

At all material times since 2021, PORCH had two more employees engaged in commerce.

9.

Since 2021, PORCH has had two or more employees handling, selling or otherwise working on information and related materials that have been moved and produced for commerce by any person.

10.

During each year since 2021, PORCH has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. §203(s)(1).

11.

At all times material hereto, Mr. Nussbaum was not exempt from the FLSA's overtime pay requirement.

## **FACTS**

12.

Mr. Nussbaum began his employment with PORCH on or about March 1, 2021.

13.

Within the last three (3) years, Mr. Nussbaum was formerly employed by PORCH as a licensed insurance agent working in and around Newnan, Georgia.

14.

During some work weeks, after his first anniversary with Defendant, PORCH began paying Mr. Nussbaum an overtime premium between approximately 1.0 – 2.5 hours of work per workweek.

15.

However, Mr. Nussbaum worked considerably more overtime hours than PORCH paid him for.

16.

Mr. Nussbaum estimates he worked, on average, 10 overtime hours per workweek.

17.

Because PORCH paid Mr. Nussbaum at least some overtime wages, it clearly considered him a non-exempt employee entitled to be paid an overtime premium for overtime hours worked.

18.

Mr. Nussbaum's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance free from immediate direction or supervision.

19.

Mr. Nussbaum did not have authority to formulate, affect, interpret, or implement management policies or operating practices.

20.

Mr. Nussbaum did not perform work that affected PORCH's business operations to a substantial degree, he did not have the authority to commit PORCH in matters that have significant financial impact and did not have authority to waive or deviate from PORCH's established policies and procedures without prior approval.

21.

As of the date of his separation, PORCH paid Mr. Nussbaum a bi-weekly wage of $21.39 per hour, plus commissions and discretionary bonuses.

22.

As an employee of PORCH, Mr. Nussbaum frequently worked in excess of 40 hours per workweek, but PORCH did not pay Mr. Nussbaum an overtime premium for each and every overtime hour worked.

23.

During his employment, PORCH failed to pay Mr. Nussbaum a premium of at least one-and-one half times her regular rate of pay for each hour he worked above 40 in a given workweek.

24.

On or about February 9, 2024, PORCH separated Mr. Nussbaum's employment.

## COUNT I

### VIOLATION OF SECTION 207 OF THE FLSA
### (UNPAID OVERTIME WAGES)

25.

Plaintiff restates the allegations contained in Paragraphs 12 - 24 of his Complaint as is fully set forth.

26.

At all material times, Mr. Nussbaum was a non-exempt employee of PORCH.

27.

Mr. Nussbaum worked more than 40 hours in many workweeks for PORCH, but PORCH failed to properly compensate him at a rate of at least one and one-half times his regular rate of pay for each hour worked in excess of 40 hours in every workweek.

28.

PORCH knew or should have known that the FLSA applied to Mr. Nussbaum, and that it had a duty to ensure it paid Mr. Nussbaum at least one and one-half times his regular rate of pay for each hour he worked over 40 hours in a given workweek.

29.

PORCH willfully failed to properly compensate Mr. Nussbaum for the hours he worked in excess of 40 hours each workweek.

30.

As a result of PORCH's willful failure, Mr. Nussbaum is entitled to an award of back pay in the amount of one-and-one half times his regular rate of pay for each uncompensated hour he worked over 40 in any given workweek for which PORCH did not compensate him at the statutory rate.

31.

Said willful violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests:

(a) that his Complaint be read and considered;

(b) that service of process issue against Defendant PORCH as authorized by law;

(c) that the Court declare that PORCH has violated Plaintiff's rights under the overtime wage provision of the FLSA;

(d) that the Court award Plaintiff the value of his unpaid overtime wages;

(e) that the Court award Plaintiff liquidated damages as authorized by the FLSA;

(f) that the Court award Plaintiff his expenses of litigation, including his reasonably-incurred attorney's fees as authorized by the FLSA; and

(g) that the Court award such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
Attorney for Plaintiff

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com